IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JENNIFER MICHELLE DOZIER, MIA ELISIA DOZIER, DOB \*\*/\*\*/1998, JACK BRADEN DOZIER, DOB \*\*/\*\*/2002, by and through their natural parent and next friend, JENNIFER MICHELLE DOZIER,<br><br>Plaintiffs,<br><br>vs.<br><br>JENNIFER MARTIN, DCS Case Worker, ANNETTE FONTENOT, DCS Case Worker,<br><br>Defendants. | NO. 3:13-cv-0162<br><br>JURY DEMAND<br><br>JUDGE HAYNES |

## [PROPOSED] AMENDED CASE MANAGEMENT ORDER NO. 3

The jury trial in this action is set for **Tuesday, September 22, 2015 at 9:00a.m.** before Judge Haynes. Counsel for the parties shall appear for a Pretrial Conference in this Court on **Monday, September 1, 2015 at 3:00p.m.** in the United States Courthouse in Nashville, Tennessee, Courtroom A859. All attorneys who participate in the trial must appear in person at the final pretrial conference.

Pursuant to Fed. R. Civ. P. 26(a)(3), except for evidence to be introduced solely for impeachment, the parties shall make the following disclosures on or before **Monday, August 17, 2015:**

(A) The name and, if not previously provided, the address and telephone number of each witness, separately

identifying those whom the party expects to present and those whom the party may call if the need arises;

(B) The designation of those witnesses whose testimony is expected to be presented by means of deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony together with an appropriate designation of the portions to be introduced; and

(C) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

### Pretrial Discovery Matters

If this action is to be settled, the Law Clerk shall be notified by **noon on Friday, September 18, 2015**. If the settlement is reached thereafter, resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on **Monday, August 31, 2015 at 3:00 p.m.** Counsel shall submit a Joint Proposed Pretrial Order to the Court by **Friday, August 28, 2015**. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that

the Pretrial Order supplements the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory(no more than one (1) page); (4) a short summary of the Defendant's theory(no more than one (1) page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of trial.

All discovery shall be completed by the close of business on **Wednesday, February 18, 2015**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **Monday, October 6, 2014**. All discovery related motions shall be filed by the close of business on **Monday, March 2, 2015**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by the close of business on **Wednesday, May 6, 2015** and any

response thereto shall be filed by the close of business on **Friday, June 5, 2015.** Any reply shall be filed by the close of business on **Monday, June 22, 2015.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01 Local Rules of Court shall govern.

By the close of business on **Monday, March 16, 2015,** the Plaintiff shall declare to the defendants (not to file with the Court) the identity of her expert witness and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **Thursday, May 21, 2015.** There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party, may however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least fifteen (15) days prior to the dispositive Motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39.01(c)(6) relating to expert witnesses shall apply in this action and strict compliance is required.

## Pretrial Matters

The parties shall submit to the Court, by Friday, April 24, 2015, the following:

(1) Joint proposed jury instructions and verdict forms:

(2) Counsel shall exchange proposed jury instructions and verdict forms and confer to reach agreement. Thereafter, Counsel shall jointly prepare and file a set of agreed proposed jury instructions and verdict forms. Counsel shall separately file any disputed jury instructions or forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties shall submit a WordPerfect 7.0 compatible computer disk of the agreed proposed jury instructions and verdict forms with the hard copy; and

(3) Stipulations of facts.

By **Friday, August 14, 2015**, the parties shall file any Motions in Limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by **Friday, August 28, 2015**.

In addition, the parties shall file, on or before **Friday, August 28, 2015**, briefs on the following issues: (what type of damages are recoverable in this case (under federal and state law) and for each, whether the Court or the jury determines the

amount; (2) how front pay, if any, will be reduced to present value; (3) whether there is any "cap" on the amount of damages; and (4) whether the trial should be bifurcated regarding punitive damages.

Counsel shall be prepared, at the Final Pretrial Conference, to identify and discuss:

(1) Undisputed facts and issues;

(2) Expert testimony;

(3) Motions in Limine;

(4) Proposed jury instructions and verdict forms;

(5) Settlement prospects; and

(6) The necessity of pretrial briefs

The Court's staff is not authorized to entertain any telephonic requests for a continuance or excuse attendance or grant extension of any deadlines in this Order or set by a Local Rule of Court. Such a request shall be considered only upon Motion made in open court or by written motion of a party or joint motion of the parties.

**IT IS SO ORDERED.**

_____
JUDGE